ZENITH RADIO CORPORATION, PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 80–5–00861

Before MALETZ, *Judge.*

(Dated June 29, 1982)

---

MALETZ, *Judge:* This is a motion by the Government to dissolve the preliminary injunction in this case restraining the Government

from implementing settlement agreements it entered into with importers of television receivers from Japan. The Government argues that given the decision by the Court of Customs and Patent Appeals in *Montgomery Ward & Co.* v. *Zenith Radio Corp.,* No. 81–24 (March 11, 1982) (petition for rehearing denied on May 13, 1982), that this court did not have jurisdiction to entertain this action, it is clear that Zenith has no chance of success on the merits of its case and that the public interest weighs heavily in favor of a dissolution of the preliminary injunction.

At the outset, it will be noted that the Court of Customs and Patent Appeals has (over the Government's objection) granted Zenith's motion to stay its mandate in *Montgomery Ward* until July 21, 1982 to afford Zenith time to file a petition for a writ of certiorari to the Supreme Court. Nor is there any doubt that important and novel questions of statutory and administrative law are presented for Supreme Court review. But were the preliminary injunction to be dissolved, the Government would implement the settlement agreements, thus mooting the controversy and preventing the Supreme Court from exercising jurisdiction to decide the questions, should it elect to do so.

The Government, however, suggests that if this court dissolves the preliminary injunction, Zenith could still seek an injunction pending the filing of a petition for certiorari from the Court of Customs and Patent Appeals and if that application is denied, seek an injunction from the Supreme Court. But such a course would be singularly inappropriate. For it would create an emergency situation, which in turn would generate a wasteful and hurried effort by members of the judiciary and the parties—at a time when Zenith has represented that its petition for certiorari is soon to be filed.

The motion to dissolve the preliminary injunction is denied.